LISA WRIGHT, Plaintiff-Appellant, v. MR. QUICK, INC., Defendant-Appellee.

Third District   No. 3—83—0691

Opinion filed October 17, 1984.—Rehearing denied January 14, 1985.

STOUDER, J., dissenting.

Allen, Clark & Harn, Ltd., of Peoria, for appellant.

Rex K. Linder and Phillip R. Meisinger, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Lisa Wright, was seriously injured when she fell while walking across the parking lot of her employer, Great Eight, Inc. (hereafter the employer). Her employer operated a Mr. Quick restaurant pursuant to a franchise agreement with the defendant, Mr. Quick, Inc. The plaintiff brought suit against the defendant for negligence in maintaining the restaurant premises. When the trial court granted the defendant's motion for summary judgment, the plaintiff brought the instant appeal.

The defendant leased the land and building for the Mr. Quick restaurant from persons not a party to this suit. In that lease, the defendant agreed to maintain the "exterior including drives and blacktop in good condition ***." The defendant subsequently sub-

leased the property and building to the employer. In that sublease, the original lease was incorporated into the sublease. A franchise agreement was also executed in which the employer agreed to keep and maintain the premises.

The defendant argued in its motion for summary judgment that it had no duty to the plaintiff as a matter of law following the execution of the sublease. The trial court granted the defendant's motion for summary judgment.

The sole issue on appeal is whether the trial court erred in finding that, as a question of law, the defendant owed no duty to the plaintiff. The plaintiff asserts that the defendant did owe a duty based alternatively upon the defendant's duty as the lessor of the premises and the defendant's contractual agreements.

■■ ■ Generally, a lessor is not liable for injuries to a lessee or others which occur on premises wholly leased to and under the control of the lessee. (*Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 410 N.E.2d 539.) One exception to this general rule is where a lessor contracts to keep the property in repair. (Restatement (Second) of Torts sec. 357 (1965); *Dial v. Mihalic* (1982), 107 Ill. App. 3d 855, 438 N.E.2d 546.) The lessor's duty under this exception is a tort duty which extends to persons on the land with the consent of the lessee even though they are not parties to the contract. 107 Ill. App. 3d 855, 861, 438 N.E.2d 546, 551.

■■ In the instant case, the defendant contracted in the original lease to maintain the exterior of the premises. This lease was incorporated into the sublease between the defendant and the employer. We find that based upon these contractual agreements, the defendant took on the duty to maintain the premises it leased and then sublet. As lessor of the premises, the defendant owed a tort duty to maintain the premises in good repair to the plaintiff, who was on the premises with the employer's permission.

■■ The defendant argues that the provision in the franchise agreement wherein the employer agreed to maintain the premises eliminated any duty on its part. It may be true that the employer also assumed a duty to maintain and repair. However, it does not follow that the assumption of the duty by the employer destroys any duty of the defendant. If the employer had a duty to maintain, it existed simultaneously with the separate duty of the defendant.

■■ The defendant also argues that the providing of adequate lighting does not fall within the meaning of the contractual promise. This, however, is a question of fact. The only question before this court is whether the defendant owed a duty to the plaintiff. The scope

of that duty and whether that duty was breached are questions for a trier of fact.

Because we find that the defendant owed a duty to the plaintiff based upon the common law duty of lessors, we do not consider whether a duty also arose based solely upon the contracts.

Accordingly, the judgment of the circuit court of Tazewell County is reversed and the cause remanded for further proceedings consistent with this decision.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the reasoning and result reached by my colleagues. In my opinion, the defendant, Mr. Quick, Inc., owed no duty to the plaintiff, Lisa Wright, based upon the common law duty of lessors or upon any other theory.

The majority has chosen to reverse the trial court's decision on the basis of an exception to the general rule that a lessor is not liable for injuries to a lessee or others which occur on premises wholly leased to and under the control of the lessee. (See *Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 410 N.E.2d 539.) The majority correctly states this rule, which is determinative of the issue *sub judice*. The relation created by a sublease is for all general purposes the relation of lessor and lessee and the rights, duties, and liabilities between a sublessor and a sublessee are determined by the general rules governing the rights, duties, and liabilities between a lessor and a lessee. (See 49 Am. Jur. 2d *Landlord & Tenant* sec. 503.) Here, the premises were wholly leased to and under the control of the sublessee, Great Eight, Inc. Under the general rule, Great Eight, Inc., owed a duty to the plaintiff and no such duty remained with Mr. Quick, Inc. Where a lease is commercial in nature there is an even greater reason to hold the party in possession and control of the premises liable for any injuries sustained on the premises.

The majority incorrectly holds that Mr. Quick, Inc., owed a duty to the plaintiff by determining that the circumstances of this case fall within the scope of one of the exceptions to the general rule, to wit, "where the lessor contracts with the lessee to keep the property in repair." The majority relies on the fact that Mr. Quick, Inc., as lessee in the original lease, contracted with the lessor to maintain the parking lot. The fallacy with this holding is that at the time of the execu-

tion of the original lease, Mr. Quick, Inc., was contracting as a lessee, not as a lessor. In order for Mr. Quick, Inc., to owe a duty to the plaintiff within this exception, the contract would have had to have been executed with the sublessee, Great Eight, Inc. Since it is not, the exception is inapplicable.

Additionally, the annexation of the original lease to the sublease means the sublessee agreed to assume the lessee's covenants in the original lease. Covenants in an original lease have been enforced against a sublessee in cases where it has been adequately shown the sublessee either expressly assumed them, agreed to abide by and comply with such covenants, or had actual knowledge thereof. (See Annot., 24 A.L.R.2d 707, 708 (1952).) The sublease here states the sublessee agreed to abide by and be bound by the terms and conditions of the original lease. Therefore, the sublessee assumed the risk of liability to others, and under the circumstances of the present case is the sole party which owed a duty to the plaintiff.

Further, sublessee's covenant to abide by and be bound by the terms and conditions of the original lease is qualified to the extent that the terms of the original lease are changed and modified by the sublease. There is an additional provision in the sublease which states, "The sublessee will comply with all of the terms and conditions and provisions of the store franchise agreement which exists between the parties. If the said franchise agreement between the parties is terminated for any reason then this sublease shall be terminated as of the same date." This language incorporates the franchise agreement into the sublease. The franchise agreement states the sublessee, Great Eight, Inc., shall maintain the parking lot. Again for this reason it is Great Eight, Inc., which owed a duty to the plaintiff, while Mr. Quick, Inc., did not.

Additionally, it has been held that a contract executed contemporaneously with a sublease becomes part of the sublease. (*Meridian Amusement Co. v. Home Theater Co.* (1919), 215 Ill. App. 479.) Here, the sublease and the franchise agreement were executed on the same date. The contemporaneous execution of these documents incorporated the franchise agreement into the sublease, and again for this reason Great Eight, Inc., is the party which solely owed a duty to the plaintiff.

Based upon my analysis of the law applicable to the facts presented in this case, I would affirm the decision of the trial court granting Mr. Quick, Inc.'s, motion for summary judgment.